IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ComUnity Lending, Inc., | NO. C 10-00930 JW |
| Plaintiff, | NO. C 10-00931 JW |
| v. | **ORDER DISMISSING APPEALS AS MOOT** |
| Mai Christina Pham, et al., | |
| Defendants. | |
| Katherine Buckmeyer, et al., | |
| Plaintiffs, | |
| v. | |
| ComUnity Lending, Inc., | |
| Defendant. | |

Presently before the Court are Appellants' Appeals from the Bankruptcy Court's Memorandum Decision and Order on Motions to Determine Administrative Priority of Attorneys' Fees Claim.[1] Appellants appeal a ruling of the Bankruptcy Court refusing to treat this Court's award

---

[1] (See Notice of Appeal, hereafter, "Pham Appeal," Docket Item No. 1-1 in No. C 10-00930 JW; Notice of Appeal, hereafter, "Buckmeyer Appeal," Docket Item No. 1 in No. C 10-00931 JW.) Both Appeals are "identical appeal[s] of the same ruling." (See Appellant's Opening Brief at 1, hereafter, "Buckmeyer Brief," Docket Item No. 7 in No. C 10-00931 JW.)

of attorney fees to Appellants as a priority administrative claim, even though the losing party's claim for attorney fees arising out of the same proceeding was treated as an administrative priority claim.[2]

A full statement of the facts of the underlying case can be found in the Court's December 11, 2008 Order Granting Plaintiffs' Motion for Summary Judgment.[3] On January 30, 2009, the Court entered judgment in favor of Plaintiffs and against Defendant ComUnity, declaring that certain disputed funds were not assets of a bankruptcy estate, but instead belonged to participants in a Non-Qualified Deferred Compensation Plan.[4] On February 9, 2009, the Trustee filed a Notice of Appeal to the Ninth Circuit.[5] On April 24, 2009, the Court granted Plaintiffs' Motions for Attorney Fees, but denied Plaintiffs' request that the Court adjudicate the priority of any costs or fees awarded.[6] On February 16, 2010, the Bankruptcy Court held that Plaintiffs' fee awards were not entitled to priority.[7] On March 4, 2010, Plaintiffs appealed the Bankruptcy Court's decision regarding the priority of fee awards to this Court.[8]

On October 8, 2010, the Ninth Circuit reversed this Court's order granting Plaintiffs' Motion for Summary Judgment and vacated this Court's "judgment and the order awarding Plaintiffs their attorneys' fees."[9] On May 2, 2011, the Court ordered the parties to file supplemental briefing to explain whether the Appeals in No. C 10-00930 JW and No. C 10-00931 JW are moot, in light of the

---

[2] (See Buckmeyer Brief at 1; Appellants' Opening Brief at 1, Docket Item No. 7 in No. 10-00930 JW.)

[3] (See Docket Item No. 59 in No. 08-00201 JW.)

[4] (See Docket Item Nos. 71 and 72 in No. 08-00201 JW.)

[5] (See Docket Item No. 73 in No. 08-00201 JW.)

[6] (See Order Granting Motion for Attorney Fees; Denying Motion to Determine Priority, Docket Item No. 105 in No. 08-00201 JW.)

[7] (See Buckmeyer Brief at 6.)

[8] (See Buckmeyer Appeal; Pham Appeal.)

[9] (See Docket Item No. 121 at 6 in No. 08-00201 JW.)

Ninth Circuit's October 8, 2010 opinion.[10] On May 12, 2011, the parties filed a Joint Statement contending that, whether or not the Appeals are moot, there "would be no useful function in pursuing the Appeals before judgment is rendered in the underlying action, Case No. C 08-00201 JW," and stating that the Appeals "should be held in abeyance . . . pending the entry of judgment in the underlying action. (See Docket Item No. 38 at 2-3.)

Upon review, the Court finds that the Appeals are moot in light of the Ninth Circuit's opinion, which vacated this Court's order awarding attorney fees to Plaintiffs. The Court rejects the parties' contention that these appeals should be held in abeyance pending the outcome of the 2008 underlying action. Now that the 2008 underlying action is proceeding to trial, its outcome may be substantially different than the Court's decision on summary judgment. Thus, it is premature to speculate whether there would be an award of fees which would then be subject to a claim before the bankruptcy court, and whether the bankruptcy court would make an adverse decision against Appellants regarding priority, thus resulting in the need for appeals.

Accordingly, the Court DISMISSES the Appeals as moot. The Clerk shall close these files.

Dated: May 20, 2011

JAMES WARE
United States District Chief Judge

---

[10] (Order Requiring Supplemental Briefing, Docket Item No. 37.)

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Barry Milgrom bmilgrom@luce.com
Hong-Nhung Thi Le nle@luce.com
Jeffrey L. Fillerup jfillerup@luce.com
Jessie L.B. Hill jlbhill@aol.com
John Stephen Wesolowski john.wesolowski@usdoj.gov
Matthew Brooks Borden borden@braunhagey.com
Neil S. Tardiff info@smithtardiff.com
Robert Anthony Franklin rfranklin@murraylaw.com
Ronald Scott Kravitz Rkravitz@LinerLaw.com

**Dated:  May 20, 2011**                                         **Richard W. Wieking, Clerk**

                                                            **By:     /s/ JW Chambers**
                                                                     **Susan Imbriani**
                                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California